UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>CORNERSTONE AND COMPANY, LLC, et al.,<br><br>    Defendants. | Case No.<br><br>**UNDER SEAL** |

**MEMORANDUM IN SUPPORT OF THE FTC'S MOTION
FOR AN ORDER TEMPORARILY SEALING ENTIRE FILE AND DOCKET**

The Federal Trade Commission respectfully requests that the Court grant the FTC's motion for an order temporarily sealing the entire docket and all pleadings in this matter to protect at least 42,000 unwitting consumers whose personal information—including birth dates, financial account numbers, and contact information—has been posted to a public website, and to afford the Court time to consider the FTC's application for a temporary restraining order that would, among other things, further protect these consumers. Because even a simple internet search of the Defendants' names leads to the public website, a temporary seal is needed to prevent the pleadings in this matter from serving as a roadmap for persons with improper purposes to use for identity theft, account fraud and other wrongful acts.

The requested TRO would, if granted, require the removal of consumers' personal information from any public websites. Once this removal is completed, the FTC would notify the Court so that it could lift the seal and allow this matter to proceed on the public record.

This Court has the authority to issue the requested temporary sealing order. In exercising

this discretion, this Circuit employs a six-factor balancing test: (1) the need for public access to the documents; (2) the extent of previous public access to the documents; (3) the fact that someone objects to the disclosure, and the identity of that person; (4) the strength of any property or privacy interests asserted; (5) the possibility of prejudice to any party opposing disclosure; and (6) the purposes for which documents will be introduced during the judicial proceedings. *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). Here, all the applicable factors, including the important privacy interests at stake, weigh strongly in favor of a temporary seal. A temporary seal would guard against publicly disclosing the location on the internet of consumers' information before the Court has the opportunity to consider the requested TRO and to order appropriate relief to protect that information while this matter proceeds on the public record. *See In re Sealed Case*, 237 F.3d 657, 666 (D.C. Cir. 2001) (indicating that "an extraordinarily strong privacy interest" could, by itself, outweigh the remaining five *Hubbard* factors).

First, the public has no legitimate need to access the victims' personal information that this requested Sealing Order seeks to protect. This is information that normally would <u>not</u> be available to the public. Indeed, the federal rules and the rules of this Court specifically require protecting the personal information at issue here, including individuals' birth dates and financial account numbers. *See* Fed. R. Civ. P. 5.2; LCvR5.4(f).[1] And, while the public has an interest in judicial records, such as the complaint, "[t]here is, for instance, no right of access to 'documents which have traditionally been kept secret for important policy reasons,'" *In re Motions of Dow*

---

[1] In this case, Defendants have not only disclosed birth dates and financial account numbers, but also individuals' first or last names, addresses, telephone numbers, employer information, and reference information. *See* Compl. ¶ 19.

*Jones & Co.*, 142 F.3d 496, 504 (D.C. Cir. 1998) (citation omitted), such as "the privacy and reputation of victims of crimes." *Jenkins v. Wash. Metro. Area Transit Auth.*, 960 F. Supp. 2d 2 (D.D.C. 2013) (quoting *Hubbard*, 650 F.2d at 315-16). Accordingly, the first factor favors a temporary seal.

Second, while there has been public access to the personal information because it has been posted on the internet, that public access is wholly improper and is precisely the basis for the FTC's consumer protection action. Nonetheless, the requested sealing order would guard the consumer victims against additional, needless public exposure during the time required to bring all parties in this matter before the Court and carry out any temporary relief. Without the requested sealing order, this matter would be a public record that would unnecessarily expose this personal information, because even a search of information contained in the caption to this matter—the Defendants' names—leads to the website and to the personal consumer information posted there. *See* of Michael B. Goldstein at ¶¶ 22-23, attached as Ex. A to Pl.'s Appl. for Temporary Restraining Order. As for the pleadings that would be subject to the temporary seal, none of those have been previously accessible to the public. Once the personal information is publicly inaccessible and the seal is lifted, the public would gain access to the record in this case. Thus, the second factor also weighs in favor of temporarily sealing the entire matter.

The third and fourth factors also favor temporarily sealing the pleadings in this matter. Here, the financial security and privacy interests of at least 42,000 consumers are at stake. It is inconceivable that these individuals would, if given a choice, submit to the public disclosure of their personal information. The consumers, however, are unlikely to know about the extensive amount of their personal information that is on the internet and are unlikely to be capable of taking independent action to remove the information from public display. A temporary seal

would prevent public disclosure of the fact that their information is posted on the internet and mitigate the risk that they will endure additional harm from the illegal disclosure of that information.

Factor five, "the possibility of prejudice to those opposing disclosure," also weighs in favor of a temporary seal. The FTC opposes disclosure because of the privacy interests of the victims as well as the risk that making this action a matter of public record will deprive the Court of the ability to afford the consumers and the FTC with full and effective relief.

Finally, the sixth factor further weighs in favor of the seal. There is no need to make public the personal information of individuals during the course of these judicial proceedings and, as noted above, the federal rules and rules of this Court affirmatively bar such disclosure. Indeed, in compliance with the Court's rules, the FTC has taken steps to ensure that the victims' personal information is not disclosed in the pleadings that eventually will be publicly available. However, the very filing of the case, particularly if it becomes a matter of public record, would allow this information to be discovered by third parties and used for improper purposes. As discussed above, even simple internet searches for the Defendants' names has resulted in hits that lead to the personal consumer information posted on the public website. Thus, the seal will provide sufficient time for the Court to consider the FTC's TRO and to fashion relief, including requiring the removal of the injured consumers' personal information from any public websites.

## CONCLUSION

For the foregoing reasons, the FTC respectfully requests that this Court enter the attached proposed order temporarily sealing this matter.

Dated: August 27, 2014

Respectfully submitted,

JONATHAN E. NEUCHTERLEIN
General Counsel

SEENA D. GRESSIN (D.C. Bar No. 446068, under LCvR 83.2(e))
THOMAS J. WIDOR (D.C. Bar No. 490184)
KATHERINE WHITE (under LCvR 83.2(e))
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Mailstop CC-10232
Washington, D.C. 20580
Telephone: (202) 326-2717 (Gressin)
Telephone: (202) 326-3039 (Widor)
Telephone: (202) 326-2878 (White)
Facsimile: (202) 326-3768
Email: sgressin@ftc.gov, twidor@ftc.gov; kwhite@ftc.gov